UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

ALEX EDDIE SAAVEDRA,            No. 20-10742-t13

    Debtor.

UNITED STATES OF AMERICA,

    Plaintiff,

v.            Adv. No. 20-1062-t

ALEJANDRO SAAVEDRA,

    Defendant.

## **OPINION**

Before the Court is whether to grant Plaintiff partial summary judgment that Defendant intended to deceive it when Defendant's company submitted false job placement reports. By previous orders, the Court granted Plaintiff partial summary judgment on all elements of its § 523(a)(2)(A)[1] nondischargeability claim except for the "intent to deceive" element. If the Court rules in Plaintiff's favor on this last element, a final judgment in Plaintiff's favor would be entered. The Court previously ruled against Plaintiff on the intent to deceive element. After additional review, however, the Court asked Defendant to show cause why such a judgment should not be entered. Having considered Defendant's response and the applicable law, the Court concludes that Plaintiff is entitled to summary judgment on the "intent to deceive" element of its claim.

A.      Facts.

---

[1] Unless otherwise indicated, statutory references are to 11 U.S.C.

Defendant filed this chapter 13 case on April 2, 2020. In his schedules, Defendant listed Plaintiff's unsecured claim of $192,872.29, resulting from a judgment against him entered in June 2015 (the "Judgment").[2] Under the Judgment, Defendant was found to have violated two provisions of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) (penalizing a person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the United States Government) and § 3729(a)(1)(B) (penalizing a person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" to the United States Government). Defendant appealed the Judgment to the Second Circuit Court of Appeals, which affirmed.

### The SDNY Case

In a joint pretrial order in the SDNY Case, the parties stipulated to the following facts:

Defendant is a former director of the Upper Manhattan and Bronx Workforce1 Career Centers, in New York City (the "NYC Career Centers"). The NYC Career Centers were designed to help find jobs for unemployed and underemployed people. They were operated by the Structured Economic Employment Development Company (SEEDCO)[3] pursuant to contracts with the New York City Small Business Services administration (the SBSA) to distribute federal stimulus funds from the United Stated Department of Labor[4] as part of a national workforce development grant program. Under SEEDCO's contract with the SBSA, the more job placements SEEDCO reported

---

[2] The judgment was entered in a civil action captioned *United States v. Alex Saavedra*, no. 1:11-cv-06425-AKH, filed in the United States District Court for the Southern District of New York (the "SDNY Case").
[3] SEEDCO is a corporation that receives funding from government and private sources to promote community economic development, including providing employment training and placement assistance, community lending, and small business services.
[4] Through the Workforce Investment Act of 1998, 29 U.S.C. § 2801 et seq, and the American Recovery and Reinvestment Act of 2009, Pub. L. 111-5, 123 Stat. 115. This legislation was part of a stimulus program implemented to encourage and fund nationwide workforce development.

to the Small Business Services administration, the more federal grant money it received. SEEDCO used the federal funds it received from the SBSA to operate the career centers, including paying the directors' salaries and benefits.

From at least 2009-2011, SEEDCO collected millions of dollars in federal funds based on falsified job placement reports. SEEDCO's scheme was revealed in 2011 when a whistle blower filed a qui tam action against it. The government intervened in the qui tam action, joining as additional defendants seven directors of SEEDCO's various career centers (including Defendant) on the theory that the directors "were the primary architects and engineers of the false job placement scheme." SEEDCO was dismissed from the action pursuant to a Consent Decree and Order of Settlement, in which it admitted that its career centers submitted false job placement reports. All the directors other than Defendant settled the claims against them and were dismissed from the case. Thus, the case was tried only against Defendant.

Summarized, Plaintiff's claims against Defendant for violations of the False Claims Act were premised on allegations that he instructed his subordinates to report false job placements, often by claiming credit for jobs the candidates had before going to the NYC Career Centers, or for jobs they had in the past. Defendant also told his staff to visit businesses they had relationships with and gather information about employees so the career centers could say they had placed those employees in their jobs. Finally, Defendant told his staff to enlist family and friends to complete SEEDCO intake forms so that jobs they already held could be counted as SEEDCO placements. These false and inflated placement numbers were entered into a city database, and ultimately transmitted to the federal government, allowing SEEDCO to collect federal grant money it was not entitled to. Defendant was alleged to have a personal interest in this fraudulent scheme because it helped him advance his career with SEEDCO.

After five days of evidence and arguments, the trial judge orally instructed the jury on the elements of the False Claims Act claims, in relevant part, as follows:

> The United States, the plaintiff, has made two categories of allegations against Alex Saavedra, the defendant. The first allegation is that Mr. Saavedra knowingly presented or cause to be presented false and fraudulent claims for payment to the United States or some party connected to the United States.
> . . . .
> The second category of allegation is that Mr. Saavedra knowingly caused false records or statements to be made or used which were material to a false statement or fraudulent claim made to the United States or a party connected to the United States—knowingly caused false records or statements to be made or used material to a false statement or fraudulent claim.
> . . . .
> We are dealing with the False Claims Act. That is a statute of the United States. It is found in title 31, Section 3729, of the laws of the United States.
> It provides in relevant part that 'any person who. . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . is liable to the United States Government.'
> . . . .
> *. . . There are three definitions provided by statute for 'knowingly:'*
> *Actual knowledge of the information; acting in deliberate ignorance of the truth or falsity of the information; acting in reckless disregard of the truth or falsity of the information.*
> *You do not have to find that there was any specific intent to defraud.*
> . . . .
> The same law in another subsection provides that any person who . . . knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim is liable to the United States.
>
> . . . .
> A claim is false or fraudulent if it is based on or contains an assertion or statement that is materially untrue.
> . . . .
> Fraud requires a knowing assertion of fact that is true when it is not true or it's made regardless of whether you know it's true or false or with reckless indifference to whether it's true or false.

(italics added).

The jury found that Defendant violated both charged provisions of the False Claims Act, and that he knowingly caused thirteen materially false records or statements to be made or used. Each violation carried a penalty ranging from $5,500 to $11,000, plus three times the amount of

-4-
Case 20-01062-t    Doc 57    Filed 11/10/22    Entered 11/10/22 16:44:58 Page 4 of 10

damages sustained by the government. The jury found that Defendant's conduct caused the government $13,000 in damages. Because Defendant did not accept responsibility for his conduct, even after the jury's verdict was returned, the trial court trebled the damages and awarded $143,000 in civil penalties, the maximum penalty awardable.

<u>The Nondischargeability Proceeding</u>

Plaintiff filed this nondischargeability action on October 30, 2020, seeking a determination that the Judgment debt is nondischargeable under § 523(a)(2)(A). Plaintiff filed a motion for summary judgment on June 11, 2021. The Court granted the motion in part, ruling that Plaintiff was entitled to partial summary judgment that Defendant make false representations to Plaintiff; that Plaintiff relied on the false representations; and that Plaintiff was damaged as a result of its reliance on the false representations in the amount of the Judgment. The Court ruled that there were genuine issues of material fact about whether Defendant intended to deceive Plaintiff with the false representations and whether Plaintiff justifiably relied on the false representations.

Plaintiff filed a motion to reconsider the Court's ruling on the latter two issues. After the matter had been briefed and argued, on April 7, 2022, the Court granted the motion to reconsider in part, ruling that Plaintiff was entitled to partial summary judgment that is had justifiably relied on the false representations. The Court did not, however, give Plaintiff partial summary judgment on the final element of § 523(a)(2)(A), i.e., Defendant's intent to deceive.

After entry of the April 7, 2022, order, the Court further reviewed the facts and law on the intent to deceive issue. Based on that review, the Court determined that it may have overlooked binding Tenth Circuit precedent on the "intent to deceive" element of § 523(a)(2)(A). The Court thereupon entered an order that Defendant show cause why the Court should not grant Plaintiff summary judgment on the "intent to deceive " element. Defendant has now done so.

B.  <u>Intent to Deceive</u>.

Plaintiff seeks a ruling that the judgment is nondischargeable pursuant to § 523(a)(2)(A), which excepts from discharge "any debt. . . for money . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud[.]" "To sustain a claim…under Section 523(a)(2)(A), the claimant must prove by a preponderance of the evidence that:

1. The debtor made a false representation;
2. with the intent to deceive the creditor;
3. the creditor relied on the false representation;
4. the creditor's reliance was justifiable; and
5. the creditor was damaged as a result.

*In re Sturgeon*, 496 B.R. 215, 222 (10th Cir. BAP 2013), quoting *In re Young*, 91 F.3d 1367, 1373 (10th Cir. 1996). The Court previously granted Plaintiff partial summary judgment on all elements of its § 523(a)(2)(A) claim except for the "intent to deceive" element. The Court excluded the intent to deceive element from summary judgment because, in the SDNY Case, the jury's finding that Defendant "knowingly" submitted false claims to Plaintiff was based on one of three alternative standards for finding that defendant had sufficient knowledge of a false statement to have intended to deceive:

- Defendant had actual knowledge that the job placement reports were false;
- Defendant submitted the false job placement reports in deliberate ignorance of the truth or falsity of those reports; or
- Defendant acted in reckless disregard of the truth or falsity of the job placement reports.

The jury verdict did not specify which of these three standards had been proven at trial. Plaintiff argues that the lack of specificity does not prevent entry of summary judgment on the intent to deceive element, because all three standards satisfy the element.

C.  <u>Actual Knowledge</u>.

The first standard, i.e., that Defendant had actual knowledge that the job placement reports were false, clearly satisfies the intent requirement of § 523(a)(2)(A). All courts recognize that if a defendant makes a representation knowing it is false, a finding of intent to deceive follows. *See. e.g., In re Grenier*, 458 Fed. Appx. 436, 438-39 (6th Cir. 2012) (unpublished); *In re Johnson*, 477 B.R. 156, 169-70 (10th Cir. BAP 2012); *In re Archibald*, 482 B.R. 378, 390 (Bankr. D. Utah 2012); *In re Abeyta*, 387 B.R. 846, 855 (Bankr. D.N.M. 2008); *In re Bergman*, 2008 WL 2781476, at *5 (Bankr. D. Kan.). The logic is simple: if you knowingly lie to someone, you must intend to deceive them.

D.  <u>Deliberate Ignorance</u>.

Deliberate ignorance of the truth of a representation, or "willful blindness,"[5] also qualifies as intent to deceive under § 523(a)(2)(A). *See, e.g., United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991) ("the willful blindness instruction allows the jury to impute the element of knowledge to the defendant if the evidence indicates that he purposely closed his eyes to avoid knowing what was taking place around him."); *United States v. Stewart,* 185 F.3d 112, 126 (3d Cir. 1999) (fraud may be inferred from willful blindness; "[o]ne cannot avoid responsibility for an offense by deliberately ignoring what is obvious"); *In re Grim*, 293 B.R. 156, 164 (Bankr. N.D. Ohio 2003) (citing *Stewart*); *In re Perry*, 448 B.R. 219, 226-27 (Bankr. N.D. Ohio 2011) (citing *Grim* and *Stewart*); *In re Burk*, 583 B.R. 655, 667 (Bankr. N.D. Miss. 2018) (willful blindness does not provide a defense and may be indicative of fraud); *In re Taylor*, 528 B.R. 826, 832 (Bankr. D. Utah 2015) (willful blindness allows the trier of fact to impute knowledge to the defendant if

---

[5] The terms are equivalent. *See, e.g., United States v. Henson*, 9 F.4th 1258, 1278-79 (10th Cir. 2021), vacated on other grounds, 142 S. Ct. 2902 (2022 (using "willful blindness" and "deliberate ignorance" as synonyms).

the evidence indicates he purposely closed his eyes to avoid knowing what was taking place around him).

Willful blindness is a higher standard than reckless disregard. In *Global-Tech Appliances, Inc. v. SEB SA*, 563 U.S. 754 (2011), the Supreme Court held:

> While the Courts of Appeals articulate the doctrine of willful blindness in slightly different ways, all appear to agree on two basic requirements: (1) The defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact. We think these requirements give willful blindness an appropriately limited scope that surpasses recklessness and negligence. Under this formulation, a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts. See G. Williams, Criminal Law § 57, p. 159 (2d ed. 1961) ("A court can properly find wilful blindness only where it can almost be said that the defendant actually knew").

563 U.S. at 769. If Defendant chose to be deliberately ignorant about whether the job placement reports were false, he would be deemed to have knowledge of their falsity, and the intent to deceive element would be satisfied.

E.  Reckless Disregard of the Truth.

In *In re Black*, 787 F.2d 503, 505-06 (10th Cir. 1986), *abrogated on other grounds by Grogan v. Garner*, 489 U.S. 279 (1991), the Tenth Circuit held:

> Driggs also seeks a finding of nondischargeability under section 523(a)(2)(B), which applies to money obtained by
> "use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive...."
> 11 U.S.C. § 523(a)(2)(B). . . . The creditor must establish that a materially false writing was made knowingly with the intent to deceive. *See, e.g., Sun Bank & Trust Co. v. Rickey (In re Rickey),* 8 B.R. 860, 863 (Bankr. M.D. Fla. 1981); 3 *Collier* ¶ 523.09[5][b]. However, the requisite intent may be inferred from a sufficiently reckless disregard of the accuracy of the facts. *Id.; see also Waterbury Community Federal Credit Union,* 14 B.R. at 669.

787 F.2d at 506. Many cases in the Tenth Circuit have applied this "reckless disregard" rule in both § 523(a)(2)(A) and (B) cases. *See, e.g., In re Carlson*, 2008 WL 8677441, *2, n.2 (10th Cir.) (the reckless disregard standard is the same for (a)(2)(A) and (B) claims); *In re Liming*, 797 F.2d 895, 897 (10th Cir. 1986); *In re Daviscourt*, 353 B.R. 674, 685 (10th Cir. BAP 2006); *In re Kukak*, 225 B.R. 778, 787 (10th Cir. BAP 1998); *In re Mowdy*, 526 B.R. 63, 78 (Bankr. W.D. Okla. 2015) (reckless disregard of the accuracy of the accuracy of the facts); *In re McCahon*, 2013 WL 4772968, at *3, n.12 (Bankr. D. Kan); *In re Myers*, 2010 WL 3521612, at *4, n.17 (Bankr. D. Kan.); *In re Crowson*, 2010 WL 2402928, at *3 (Bankr. D. Wyo.) (debtor recklessly make a false representation); *In re Murphy*, 2009 WL 3185488, at *4, n.12 (Bankr. D. Kan.); *Abeyta*, 387 B.R. at 853-54 (reckless disregard for the truth); *In re Lobato*, 2008 WL 5157903, at *8 (Bankr. D.N.M.) (intent to deceive may be inferred from recklessly made false representation); *In re Zolnosky*, 2008 WL 5157680, at *3 (Bankr. D.N.M.) (same); *In re Schafer*, 2007 WL 4210287, at *5, n.20 (Bankr. D. Utah); *In re McGuire*, 284 B.R. 481, 493, n. 36 (Bankr. D. Colo. 2002) (collecting cases).

The case law holds that "reckless disregard" should be narrowly interpreted. *See, e.g.*, *Kukuk*, 225 B.R. at 787; *McGuire*, 284 B.R. at 493. The Court takes that to mean that the finder of fact should be cautious about making a "reckless disregard" finding. Here, the finding has been made.

### Conclusion

The jury in the SDNY Case found that Defendant either knew the job placement reports were false, acted in deliberate ignorance of whether they were false, and/or acted with reckless disregard about whether they were false. Any one of these alternative findings is sufficient to prove an intent to deceive under § 523(a)(2)(A). Plaintiff therefore is entitled to summary judgment on

that element of § 523(a)(2)(A). The Court will enter a separate judgment consistent with this opinion.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: November 10, 2022
Copies to: counsel of record